◻ORIG!NAL

FILED
'07 DEC 19 PM 3:07
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  RICHARD FREY (SBN 174120)
   rfrey@mwe.com
2  DAN CHAMMAS (SBN 204825)
   dchammas@mwe.com
3  JENNIFER FERCOVICH (SBN 235002)
   jfercovich@mwe.com
4  McDERMOTT WILL & EMERY LLP
   2049 Century Park East, Suite 3800
5  Los Angeles, CA 90067
   Telephone:  319.277.4110
6  Facsimile:  319.277.4730

7  Attorneys for Defendant
   JENNY CRAIG INC.

**'07 CV 2382 BTM RBB**

8

9           UNITED STATES DISTRICT COURT

10       SOUTHERN DISTRICT OF CALIFORNIA    **BY FAX**

11

12  KIM MCBRIDE, TERRY              CASE NO.
    SALAZAR, TAMMY HELBLE, and
13  NANCY MELLO, individually and   **NOTICE OF REMOVAL OF CIVIL**
    on behalf of all others similarly  **ACTION UNDER 28 U.S.C. 1441(B)**
14  situated,
                                    [SAN DIEGO SUPERIOR COURT
15              Plaintiffs,         CASE NO. 37-2007-00082215-CU-OE-
                                    CTL]
16       v.

17  JENNY CRAIG INC., a Delaware
    corporation; JENNY CRAIG
18  DIRECT, INC., a Delaware
    corporation; and DOES 1 through
19  10, inclusive,

20              Defendants.

21

22       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23       PLEASE TAKE NOTICE that Defendant JENNY CRAIG INC.

24  (hereinafter "Defendant") hereby removes said action to the United States District

25  Court for the Southern District of California pursuant to 28 U.S.C. §§ 1331 and

26  1441(b).  Removal is based upon the following grounds:

27       1.    An action entitled <u>Kim McBride, Terry Salazar, Tammy Helble,</u>

28  <u>and Nancy Mello, individually and on behalf of all others similarly situated,</u>

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Plaintiffs v. Jenny Craig Inc., a Delaware corporation; Jenny Craig Direct, Inc., a

2  Delaware corporation; and Does 1 through 10, inclusive, Case No. 37-2007-

3  00082215-CU-OE-CTL ("Complaint") has been commenced and is now pending in

4  the Superior Court of California, County of San Diego.

5       2.    The Complaint was filed in the state court action on November

6  21, 2007. Defendant was served and first received a copy of the Complaint on

7  November 21, 2007. A true and correct copy of the Complaint is attached hereto as

8  Exhibit "A." Defendant also was served with a Notice of Errata. A true and correct

9  copy of the Notice of Errata is attached as Exhibit "B." Defendant has not been

10  served with any other pleadings, papers and/or orders in the state court action. A

11  true and correct copy of the Answer to the Complaint is attached hereto as Exhibit

12  "C."

13       3.    This Notice of Removal is filed within the 30-day time period

14  provided by 28 U.S.C. § 1446(b) in that it has been filed within 30 days of

15  Defendant's service of a copy of the Complaint.

16       4.    This is an action over which this Court has original jurisdiction

17  under 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to

18  28 U.S.C. § 1441(b), in that it states claims that arise under the Fair Labor

19  Standards Act, 29 U.S.C. §§ 200 et seq. Specifically, Plaintiffs allege unpaid

20  wages and unpaid overtime.

21       5.    Plaintiffs' remaining claims arise out of a common nucleus of

22  operative facts and are, therefore, subject to this Court's supplemental jurisdiction.

23  28 U.S.C. § 1367.

24       6.    All named Defendants who have been served consent to join in

25  this Notice of Removal. Although the Complaint names as a defendant an entity

26  identified as "Jenny Craig Direct Inc.," no such entity exists. As such, Jenny Craig

27  Inc. is the only defendant who needs to consent to this removal.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    WHEREFORE, based on the foregoing, hereby removes said action to

2  the United States District Court for the Southern District of California pursuant to

3  28 U.S.C. §§ 1331 and 1441(b).

4  Dated:  December 19, 2007            McDERMOTT WILL & EMERY LLP

5

6                                       By:

7                                       Richard Frey
                                        Attorneys for Defendant
8                                       JENNY CRAIG INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

## EXHIBITS

| | Page |
|---|---|
| Exhibit "A" – Complaint filed in State Court Action | 4 |
| Exhibit "B" – Notice of Errata | 35 |
| Exhibit "C" – Answer to Complaint filed in State Court Action | 45 |

MCDERMOTT WILL & EMERY LLP
ATTORNEY AT LAW
LOS ANGELES

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JENNY CRAIG INC., a Delaware corporation; JENNY CRAIG
DIRECT, INC., a Delaware corporation; and Does 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIM MCBRIDE, TERRY SALAZAR, TAMMY HELBLE, and NANCY
MELLO *INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED.*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court/Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2007-00082215-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mass & Montes, LLP/Robert Montes Jr.
10100 Santa Monica Blvd., Suite 300, Los Angeles, CA 90064

| DATE: NOV 2 1 2007<br>*(Fecha)* | Clerk, by **B. Morgan** , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Jenny Craig Inc. a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. | www.USCourtForms.com

1  MASS & MONTES LLP
   Robert Montes, Jr. (State Bar No. 159137)
2  10100 Santa Monica Boulevard
   Suite 300
3  Los Angeles, California 90067
   Telephone:   (310) 651-9955
4  Facsimile:    (310) 651-9956

5  Attorneys for Plaintiffs Kim McBride, Terry Salazar,
   Tammy Helble, and Nancy Mello on behalf of themselves
6  and all others similarly situated

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11  KIM MCBRIDE, TERRY SALAZAR,          CASE NO.  37-2007-00082215-CU-OE-CTL
    TAMMY HELBLE, and NANCY MELLO,
12  individually and on behalf of all others   CLASS ACTION
    similarly situated,
13                                        COMPLAINT FOR DAMAGES,
                                          INJUNCTIVE RELIEF, AND
14                                        RESTITUTION FOR:
                 Plaintiffs,
15                                        1.  Unpaid Wages and Overtime (FLSA)
                                              [29 U.S.C. §§ 206, 207(a), 216(b)];
16  v.
                                          2.  Unpaid Wages and Overtime (State)
17                                            [Lab. Code §§ 204, 510, 1194];

18  JENNY CRAIG INC.,                     3.  Failure to Provide Meal Periods
    a Delaware corporation;                   [Lab. Code §§ 226.7, 512];
19  JENNY CRAIG DIRECT, INC.,
    a Delaware corporation; and          4.  Failure to Provide Rest Breaks
20  DOES 1 through 10, inclusive,             [Lab. Code § 226.7];

21                                        5.  Failure to Provide Accurate Wage
                 Defendants.                  Statements [Lab. Code § 226];
22
                                          6.  Failure to Timely Pay Wages Due at
23                                            Termination [Lab. Code §§ 201-203];

24                                        7.  Unfair Business Practices [Bus. & Prof.
                                              Code § 17200 et seq.];
25
                                          8.  Conversion; and
26
                                          9.  Unjust Enrichment.
27
                                          DEMAND FOR JURY TRIAL
28

1    Individual and representative Plaintiffs KIM MCBRIDE, TERRY SALAZAR,

2    TAMMY HELBLE, and NANCY MELLO ("Plaintiffs"), on behalf of themselves and all

3    other members of the class alleged herein ("Class"), complain against Defendants

4    JENNY CRAIG INC., JENNY CRAIG DIRECT, INC., and DOES 1 through 10, inclusive

5    (collectively "Defendants" or "Jenny Craig"), and plead upon information and belief as

6

7    follows:

8                            **I.**

9                    **JURISDICTION**

10    1.     This class and collective action seeks recovery of unpaid minimum wages,

11

12   unpaid regular wages, and unpaid overtime, plus liquidated damages, interest, attorneys'

13   fees, and costs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"),

14   which gives state courts concurrent jurisdiction over FLSA claims.  This action also seeks

15   unpaid minimum wages, unpaid regular wages, unpaid overtime, unpaid premium pay for

16   failure to comply with meal and rest break requirements, statutory penalties for failure to

17   provide accurate wage statements, and waiting time penalties, plus liquidated damages,

18   interest, attorneys' fees, and costs pursuant to California Labor Code sections 201, 202,

19

20   203, 204, 218.5, 226, 226.7, 510, 512, 1194, 1194, 1194.2, 1197, and 1199, as well as

21   the applicable wage order ("Wage Order") promulgated by California's Industrial Welfare

22   Commission ("IWC").  Plaintiffs also bring an action for themselves and all other

23   members of the Class for common law conversion and unjust enrichment, as well as for

24   Defendants' violations of California Business and Professions Code section 17200, *et*

25   *seq.*, including full restitution of all compensation retained by Defendants as a result of

26   their unlawful, fraudulent, and unfair business practices.

27   / / /

28

II.

## VENUE

2.    Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 since at least some of the obligations, liabilities, and breaches complained of herein arose or occurred in the County of San Diego.  Each Defendant either owns, maintains offices, transacts business, has an agent or agents within the County of San Diego, or otherwise is found within the County of San Diego and each Defendant is within the jurisdiction of this Court for purpose of service of process.

III.

## PLAINTIFF CLASS

3.    Plaintiffs KIM MCBRIDE, TERRY SALAZAR, TAMMY HELBLE, and NANCY MELLO (collectively "Plaintiffs") bring this action on behalf of themselves and on behalf of the Class of all similarly situated individuals who currently are or have been employed by Defendants, and each of them, at Jenny Craig Direct call centers in California and elsewhere in the United States.  During the relevant statutory period, Class representative KIM MCBRIDE ("MCBRIDE") was previously employed as "Program Director" of Jenny Craig Direct in Carlsbad, California, until her employment ended in 2006.  Class representative TERRY SALAZAR ("SALAZAR") was previously employed as "Consultant" of Jenny Craig Direct in Carlsbad, California, until her employment ended in 2006.  During the relevant statutory period, Class representative TAMI HELBLE ("HELBLE") was employed as a "Consultant" at Jenny Craig Direct in Carlsbad, California, until her employment ended in 2006.  Class representative NANCY MELLO ("MELLO") was previously employed as a "Consultant" at Jenny Craig Direct in Carlsbad,

7

1   California, until her employment ended in 2006.

IV.

**DEFENDANTS**

4.      Plaintiffs are informed and believe, and based thereon allege that at all relevant times herein, Defendant JENNY CRAIG, INC. ("JC") owns and operates certain weight control centers ("Jenny Craig Centres") throughout the United States, including San Diego County, providing services and/or doing business using goods and/or materials sold across state lines.  At all relevant times, JC has been, and continues to be, an "enterprise" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206, 207, with gross operating revenues in excess of $500,000.00.  JC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Carlsbad, California.

5.      Plaintiffs are informed and believe, and based thereon allege that at all relevant times herein, Defendant JENNY CRAIG DIRECT, INC. ("JC Direct") owns and operates certain call centers ("Call Centers") throughout the United States, including San Diego County, providing the same weight control program goods and services available at Jenny Craig Centres, but on an "at-home" basis.  JC Direct provides services and/or does business using goods and/or materials sold across state lines.  At all relevant times, JC Direct has been, and continues to be, an "enterprise" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206, 207, with gross operating revenues in excess of $500,000.00.  JC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Carlsbad, California.

6.      Plaintiffs are informed and believe, and based thereon allege that at all relevant times herein, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of

1 the other Defendants, and at all times mentioned herein were acting within the scope and

2 course and in pursuance of his, her, or its agency, joint venture, partnership,

3 employment, common enterprise, or actual or apparent authority in concert with each

4 other and the other Defendants.

5

6       7.     Defendants, and each of them, are individually, jointly, and severably liable

7 as the employer of Plaintiffs and each Class member because each Defendant directly or

8 indirectly, or through an agent or another person, employed or exercised control over the

9 wages, hours, and working conditions of Plaintiffs and the Class. At all times mentioned

10 herein, the acts and omissions of various Defendants, and each of them, concurred and

11 contributed to the various acts and omissions of each and every one of the other

12 Defendants in proximately causing the complaints, injuries, and damages alleged herein.

13       8.     At all times mentioned herein, Defendants, and each of them, approved of,

14 condoned and/or otherwise ratified each and every one of the acts or omissions

15

16 complained of herein. At all times herein mentioned, Defendants, and each of them,

17 aided and abetted the acts and omissions of each and every one of the other Defendants

18 thereby proximately causing the damages as herein alleged.

19       9.     Plaintiffs do not know the true names and capacities of Defendants sued

20 herein as Does 1 through 10, inclusive, and therefore sue each such Defendant by such

21

22 fictitious names. Plaintiffs are informed and believe, and based thereon allege that each

23 of the Defendants sued herein as Doe is responsible in some manner for the acts,

24 omissions, or representations alleged herein and any reference to "Defendant" or

25 "Defendants" shall mean "Defendants and each of them."

26                             **V.**

27           **CLASS ACTION ALLEGATIONS**

28       10.    Plaintiffs bring this action on behalf of themselves and all persons similarly

situated as a collective action pursuant to 29 U.S.C. § 216(b) for claims under the FLSA and as a class action under California Code of Civil Procedure section 382 for Labor Code and other violations.  This action may properly be maintained as a class action pursuant to section 382 of the Civil Procedure Code because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

11.    The "classes" that Plaintiffs seek to represent are composed of and defined as follows:

**FLSA Class**: All persons who are employed or who have been employed by Defendants at JC Direct Call Centers in the United States under the job titles including, but not limited to, "Program Director," "Consultant," and/or equivalent positions within three (3) years preceding the filing of this complaint and who file their consents to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

**California Class**:  All persons who are employed or who have been employed by Defendants at JC Direct Call Centers in the State of California who have worked under the job titles including, but not limited to, "Program Director," "Consultant," and/or equivalent positions within four (4) years preceding the filing of this complaint until the entry of judgment after trial. Members of the proposed FLSA and California Classes will hereinafter be referred to as "employees," "Program Directors," "Consultants," or "Class Members," as appropriate.

12.    The California Class is further subdivided into 5 subclasses consisting of: (1) all nonexempt Class Members who were not paid wages, minimum wages, and overtime for all hours worked as required by California law ("the Wage Subclass"); (2) all Class Members who were not provided adequate meal periods as required by Labor Code sections 226.7 and 512 ("the Meal Period Subclass"); (3) all Class Members who

were not provided adequate rest breaks as required by Labor Code section 226.7 ("the Rest Break Subclass"); (4) all Class Members who were not provided with accurate wage statements as required by Labor Code section 226 ("the Wage Statement Subclass"); and (5) all Class Members who did not receive all wages and compensation due when their employment ended as required by Labor Code sections 201-203 ("the Waiting Time Subclass"). Membership in one Subclass is not mutually exclusive of membership in the other Subclasses; indeed, it is believed that most members of the first Subclass are members of the second, third, and fourth Subclasses and that all Class Members no longer employed by Jenny Craig Direct are also members of the fifth Subclass. Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the Class or Subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

**A.     Numerosity**

13.     The Class Members are so numerous that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and/or during the relevant time period employed, over 100 Program Directors and Consultants.

14.     The number, identity, and location of the proposed Class Members is readily ascertainable via inspection of Defendants' employment, personnel, and business records.

**B.     Commonality**

15.     There is a well-defined community of interest in the questions of law and fact affecting the Class and each Subclass as a whole. These common questions of law

and fact predominate over questions affecting only individual members, including, without limitation:

     a.    Whether Defendants failed to pay each Class Member minimum wages for all hours worked;

     b.    Whether Defendants failed to pay each Class Member regular wages for all regular hours worked, including "off-the-clock" time, preliminary time, and postliminary time;

     c.    Whether Defendants failed to pay each Class Member overtime compensation for each overtime hour worked;

     d.    Whether Defendants failed to provide each Class Member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by California law;

     e.    Whether Defendants failed to provide each Class Member with 10 minutes net rest time for every 4 hours of work, or major fraction thereof, as required by California law;

     f.    Whether Defendants violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class Member who quit or who was discharged by Jenny Craig;

     g.    Whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class Member and the corresponding hourly rate;

     h.    Whether Defendants improperly retained, converted, appropriated, or deprived each Class or Subclass member the use of money or sums to which they were legally entitled;

     i.    Whether Defendants were unjustly enriched by the work and services

performed by Class Members without compensation;

j.      Whether Defendants engaged in unfair business practices in violation of Business and Professions Code section 17200 *et seq.*;

k.      Whether Defendants, and each of them, are/were participants in the alleged unlawful and/or tortuous conduct;

l.      Whether Defendants' conduct was willful or reckless; and

m.      The effect upon and the extent of injuries suffered by Plaintiffs and other members of the Class and Subclasses and the appropriate amount of reimbursement restitution, damages, or other compensation.

**C.      Typicality**

16.      Proof of a common or single state of facts will establish the right of each member of the Class or Subclasses to recover.

17.      The claims of the Plaintiffs are typical of the claims of all members of the Class or Subclasses mentioned herein.

**D.      Adequacy of Representation**

18.      Plaintiffs, as representative parties, will fairly and adequately protect the interests of the Class and have no interests that conflict with or are antagonistic to the interests of the Class.

19.      Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

**E.      Superiority of Class Action**

20.      There is no plain, speedy, or adequate remedy other than by maintenance of this class action. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is

1   entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to

2   compensate its employees in accordance with California wage and hour law.  The

3   prosecution of individual remedies by each Class Member will tend to establish

4   inconsistent standards of conduct for Defendants and result in the impairment of Class

5   Members' rights and the disposition of their interests through actions to which they were

6   

7   not parties.

8       21.    Class action treatment will allow those similarly situated persons to litigate

9   their claims in the manner that is most efficient and economical for the parties and the

10  judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered

11  in the management of this action that would preclude its maintenance as a class action.

12                              **VI.**

13                      <u>**GENERAL ALLEGATIONS**</u>

14

15      22.    Defendants employ and have employed numerous Program Directors and

16  Consultants at JC Direct Call Centers in California and elsewhere in the United States

17  during the relevant liability period(s).  The Program Directors' and Consultants' primary

18  duties consist of providing Jenny Craig weight loss services and products.

19      23.    Plaintiffs and the proposed classes are and have been, at all times pertinent

20  hereto, "nonexempt employees" within the meaning of the FLSA, the California Labor

21  Code, and the implementing rules and regulations of the IWC California Wage Orders.

22

23      24.    As Program Directors and Consultants providing personal weight loss

24  services, Plaintiffs and the Proposed California Class and Subclasses have at all times

25  pertinent hereto been covered by IWC Wage Order No. 2.

26      25.    Defendants are extremely structured employers that dictate with explicit

27  instructions the tasks to be performed by Plaintiffs and employees and the time in which

28  the tasks are to be performed.

26.     Plaintiffs and all other Class Members were regularly required, ordered, or otherwise solicited to (i) perform tasks prior to "clocking in" before their scheduled shifts at the beginning of business hours; (ii) "clock out" at the close of business even though they were in the middle of consulting with customers or otherwise not fully relieved of their duties; and (iii) "clock out" for their meal periods even though they were in the middle of consulting with customers or otherwise not fully relieved of their job duties.

27.     Defendants' requirement that Plaintiffs and the proposed Class Members work such hours without full and fair legal compensation during the liability period was willful and deliberate.

28.     At all relevant times, Defendants have failed to maintain time records that show – or have altered time records so as to fail to show – when its employees began and ended meal periods, their employees' total daily hours worked, and the applicable hourly rate, piece rate, or commission basis of compensation.

29.     At all relevant times, Defendants willfully failed to pay minimum wages, regular wages, overtime wages, and premium pay then due and owing at the time each employee quit or was discharged.

## VII.

### FIRST CAUSE OF ACTION FOR

### UNPAID WAGES AND OVERTIME UNDER THE FLSA

#### (Against All Defendants)

30.     Plaintiffs re-allege and incorporate paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

31.     Plaintiffs bring this action on behalf of themselves and other members of the proposed FLSA Class as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

32.    At all relevant times, Defendants have employed all members of the proposed FLSA Class as employees within the meaning of the FLSA.

33.    At all relevant times, Plaintiffs and other members of the FLSA Class worked off-the-clock hours that included overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully failed to pay them minimum wages and/or overtime compensation at the legally mandated rate.

34.    At all relevant times, Defendant willfully, regularly, and repeatedly failed to make, keep, preserve accurate records required by the FLSA with respect to Plaintiffs and the other members of the FLSA Class, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other members of the FLSA Class.

35.    Pursuant to FLSA, 29 U.S.C. § § 206, 207(a), and 216(b), Plaintiffs and other members of the FLSA Classes are entitled to damages in the amount of their respective unpaid regular and minimum wages, unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs of this action, and injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

36.    Pursuant to 29 U.S.C. §§ 216(b) and 256, to become a member of this FLSA collective action, the party plaintiffs of the FLSA Class are required to opt in to this action by filing their consents with the Court.  Representative Plaintiffs hereby consent to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256.  Consent to sue forms for MCBRIDE, SALAZAR, HELBLE, and MELLO are attached hereto as exhibits A, B, C, and D, respectively.

37.    For purposes of notice and other purposes related to this action, the names,

addresses, and phone numbers of the putative members of the FLSA Class are readily available from Defendants.  Timely notice of the pendency of this collective action and the consent to join form can be provided to putative class members of the FLSA Class by individual mailing of the notice and consent to join form, and by posting the notice and consent to join form in common areas of each JC Direct Call Center.

39.    Plaintiffs are informed and believe and thereon allege that there are dozens of other putative class members of the FLSA Classes who will sign and file consents to join this collective action.

## VIII.

## SECOND CAUSE OF ACTION FOR

## UNPAID WAGES AND OVERTIME UNDER CALIFORNIA LAW

### (Against All Defendants)

40.    Plaintiffs re-allege and incorporate paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41.    Pursuant to Labor Code sections 204, 215, 216, 218.5, 510, 1174, 1194, 1194.2, 1197, and 1199, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked as required by the applicable IWC Wage Order.

42.    At all relevant times herein, and consistent with its corporate policies and procedures, Defendants, acting through its agents, servants, and employees, have regularly requested, ordered, or otherwise solicited Plaintiffs and the Wage Subclass members to "clock out" for their meal periods even though Plaintiffs and Wage Subclass members were in the middle of consulting with customers or otherwise not fully relieved of their job duties.  At all relevant times herein, Defendants, acting through its agents, servants, and employees, have regularly requested, ordered, or otherwise solicited

Plaintiffs and Wage Subclass members not to "clock in" at the beginning of business hours even though Plaintiff and Wage Subclass members were requested to perform the duties.   At all relevant times herein, Defendants, acting through its agents, servants, and employees, have regularly requested, ordered, or otherwise solicited Plaintiffs and Wage Subclass members to "clock out" at the close of business even though Plaintiffs and Wage Subclass members were in the middle of consulting with customers or otherwise not fully relieved of their duties.

43.     At all relevant times herein, Defendants have regularly and consistently maintained corporate policies and practices of refusing to pay Plaintiffs and Wage Subclass members for all hours worked.

44.     Pursuant to Wage Order No. 2, section 2(G), "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

45.     At all relevant times herein, and consistent with Defendants' corporate policies and practices, Plaintiffs and Wage Subclass members regularly worked in excess of 8 hours per day and 40 hours per week, including on the sixth or seventh day of a workweek, without compensation for each and every hour and overtime hour worked.

46.     Under the provisions of the Labor Code and the applicable Wage Order, Plaintiffs and each Wage Subclass member should have received regular wages in a sum according to proof for the hours worked, but not compensated, during the relevant liability period.  Defendants therefore owe Plaintiffs and each Wage Subclass member regular wages and have failed and refused, and continue to fail and refuse, to pay Plaintiffs and Wage Subclass members the amounts owed.

47.     At all relevant times herein, Defendants have failed to pay Plaintiffs and Wage Subclass members overtime wages, including time and a half and double time, for

all hours worked in excess of 8 hours a day and/or 40 hours per week as required by Labor Code section 510.

48.    Section 4 of the applicable Wage Order requires Defendants to pay its employees minimum wages for all hours worked, whether measured by time, piece, commission, or otherwise.  Because Defendants failed and refused to compensate Plaintiffs and Wage Subclass members for all hours worked as set forth above, Defendants failed to pay Plaintiffs and Wage Subclass members the required minimum wage rates in effect at the time for all hours worked.

49.    Labor Code section 1194.2, subdivision (a), provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

50.    Plaintiffs and each Wage Subclass member should have received minimum wages in a sum according to proof for the hours worked, but not compensated, during the relevant liability period.  Defendants therefore owe Plaintiffs and each Wage Subclass member minimum wages, as well as liquidated damages, in an equal amount to the minimum wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Wage Subclass members the amounts owed.

51.    As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and Wage Subclass members have been deprived of minimum wages, regular wages, and overtime compensation that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Labor Code sections 218.5, 1194, and 1194.2.

/ / /

IX.

**THIRD CAUSE OF ACTION FOR**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Against All Defendants)**

42.    Plaintiffs re-allege and incorporate paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53.    At all relevant times herein, Plaintiffs and members of the Meal Period Subclass regularly worked periods in excess of 5 hours without being provided a meal period of at least 30 minutes in which they were relieved of all duties.  Furthermore, Plaintiffs and members of the Meal Period Subclass regularly worked in excess of 10 hours per day without being provided a second meal period of at least 30 minutes in which they were relieved of all duties.  Such meal periods are required by Labor Code sections 226.7 and 512, as well as the applicable IWC Wage Order.

54.    Pursuant to Labor Code section 226.7 and the Wage Order, Defendants are liable to Plaintiffs and members of the Meal Period Subclass for 1 hour of additional premium pay at the regular rate of compensation for each day in which the proper meal period was not provided.  In addition, Plaintiffs and members of the Meal Period Subclass are entitled to interest, attorneys' fees, and costs pursuant to Labor Code section 218.5.

X.

**FOURTH CAUSE OF ACTION FOR**

**FAILURE TO PROVIDE REST BREAKS**

**(Against All Defendants)**

55.    Plaintiffs re-allege and incorporate paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56.    At all times relevant herein, Plaintiffs and members of the Rest Break

Subclass regularly worked periods in excess of 4 hours, or major fraction thereof, without being provided a rest break of 10 net minutes as required by Labor Code section 226.7 and the applicable IWC Wage Order.  Defendants had no employee policy, poster, or handbook provision authorizing and permitting Plaintiffs and members of the Rest Break Subclass to take such rest breaks.

57.    Pursuant to Labor Code section 226.7 and the Wage Order, Defendants are liable to Plaintiffs and members of the Rest Break Subclass for 1 hour of additional premium pay at the regular rate of compensation for each day in which the proper rest break was not provided.  In addition, Plaintiffs and members of the Rest Break Subclass are entitled to interest, attorneys' fees, and costs pursuant to Labor Code section 218.5.

## XI.

### FIFTH CAUSE OF ACTION FOR

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (Against All Defendants)

58.    Plaintiffs re-allege and incorporate paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth herein.

59.    Labor Code section 226(a) requires Defendants, each time wages are paid, to furnish employees with an accurate itemized statement in writing showing, *inter alia*, the total hours worked by each nonexempt employee and the corresponding hourly rate.

60.    Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to furnish an employee with an accurate itemized wage statement, then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period violation and $100 for each subsequent violation, up to $4,000.

61.    At all relevant times herein, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) by failing to furnish Plaintiffs and

members of the Wage Statement Subclass with accurate itemized wage statements showing total hours worked and the corresponding hourly rate.  As a result of Defendants' knowing and intentional failure, Plaintiffs and Wage Statement Subclass members have suffered injury in amounts to be proven at trial, and are entitled to recovery of such amounts and/or statutory damages, together with interest, attorneys' fees, and costs as provided by Labor Code section 226(e).

**XII.**

**SIXTH CAUSE OF ACTION FOR**

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION**

**(Against All Defendants)**

62.     Plaintiffs re-allege and incorporate paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

63.     Labor Code sections 201 and 202 require Defendants to pay an employee all wages due no later than 72 hours after employment ends.   Labor Code section 203 provides that if an employer willfully fails to pay such wages, then the employer is liable to the employee for waiting time penalties in the form of continued compensation at the employee's daily wage rate for up to 30 days.

64.     As alleged above, Plaintiffs and members of the California Class are entitled to compensation for wages, overtime, and premium pay, but to date have not received such compensation.

65.     At all times relevant herein, Defendants have willfully failed to pay Plaintiffs and members of the Waiting Time Subclass their wages due, including unpaid overtime and premium pay, within 72 hours after their employment ended.  As a result, Defendants are liable to Plaintiffs and the members of Waiting Time Subclass for waiting time penalties pursuant to Labor Code section 203, together with interest thereon and

1  attorneys' fees and costs.

2

XIII.

3

## SEVENTH CAUSE OF ACTION FOR

4

## UNFAIR BUSINESS PRACTICES

5

**(Against All Defendants)**

6

7   66.   Plaintiffs re-allege and incorporate paragraphs 1 through 65, inclusive, of

8  this Complaint as though fully set forth herein.

9   67.   By the conduct described above, Defendants have violated the provisions

10 of the Labor Code as specified and have engaged in unlawful, deceptive, and unfair

11 business practices prohibited by Business and Professions Code section 17200 *et seq*.

12 Defendants' use of such practices constitutes an unfair business practice, unfair

13 competition, and provides an unfair advantage over Defendants' competitors.

14

15  68.   The unlawful and unfair business practices complained of herein have

16 occurred, at least in part, within the last four (4) years preceding the filing of this

17 Complaint. However, these practices conducted by Defendants are ongoing and present

18 a threat and likelihood of continuing against Defendants' current employees as well as

19 other members of the general public. Plaintiffs and the Class are therefore entitled to

20 injunctive and other equitable relief against such unlawful practices in order to prevent

21 future damage and to avoid a multiplicity of lawsuits. Accordingly, Plaintiffs and the Class

22 request a preliminary and permanent injunction prohibiting Defendants from the unfair

23

24 practices complained of herein.

25  69.   Defendants generated income as a direct result of the above-mentioned

26 unlawful and unfair business practices. Plaintiffs and the Class are therefore entitled to

27 restitution of any and all monies withheld, acquired, and/or converted by Defendants by

28 means of the unfair practices complained of herein.

70.     As a result, Plaintiffs and the Class seek restitution of their unpaid wages, unpaid overtime, unpaid premium time for Defendants' failure to provide adequate meal periods and rest breaks, unreimbursed expenses, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof.  Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## XIV.

## EIGHTH CAUSE OF ACTION FOR

## CONVERSION

### (Against All Defendants)

71.     Plaintiffs re-allege and incorporate paragraphs 1 through 70, inclusive, of this Complaint as though fully set forth herein.

72.     Federal and California common law recognize the tort of conversion.

73.     At all relevant times herein, Defendants had a legal obligation imposed by statutory law and the applicable Wage Order to pay Plaintiffs and Class Members their wages and other compensation due.  However, Defendants knowingly and intentionally failed and refused to pay such wages and compensation earned by Plaintiffs and Class Members in the performance of their job duties.  Defendants withheld these sums and converted them by refusing to pay Plaintiffs and Class Members.

74.     Plaintiffs and the Class owned or had the right to own and had the legal right to hold, possess, and dispose of such wages and compensation.  Plaintiffs and the Class gained the right to own, hold, possess, and dispose of such wages and compensation in the performance of their regular job duties for Defendants during the relevant time period.

75.     Defendants knowingly, willfully, and unlawfully interfered with Plaintiffs' and

Class Members' rights to be paid for, own, possess, and/or control disposition of said sums. The exact amount of monies owed to Plaintiffs and the members of the Class, and each of them, is capable of being made certain. The specific identifiable sum of money that Plaintiffs and Class Members are entitled to varies per Class Member and will be established at trial in an amount according to proof.

76.    In failing and refusing to pay Plaintiffs and Class Members as alleged hereinabove, Defendants knowingly, unlawfully, and intentionally took, appropriated, and converted the property (wages and compensation) of Plaintiffs and Class Members for Defendants' own use, purposes, and benefits. At the time the conversion took place, Plaintiff and the Class were entitled to immediate possession of the wages and compensation owed as provided by the FLSA and California Labor Code.

77.    Defendants' conversion was oppressive, malicious, and fraudulent, and Defendants' obligations to pay wages, overtime, and other compensation was concealed by Defendants, and each of them, from Plaintiffs and Class Members. Defendants have regularly and consistently maintained corporate policies and procedures that dictated and mandated that Plaintiffs and Class Members were not to be paid for wages, overtime, or premium pay for inadequate meal periods and rest breaks. Defendants implemented and carried out these policies and procedures for the primary purpose of depriving Plaintiffs and the Class of their right to their wages and other compensation such that Defendants converted said sums for their own use, as previously alleged.

78.    Plaintiffs and the Class have been injured by said conversion through reliance on the Defendants' obligation to comply with applicable federal and California law. Plaintiffs and the Class are entitled to all money converted by the Defendants with interest thereon, as well as any and all profits, whether direct or indirect, which the Defendants acquired by their unlawful conversion. Furthermore, Plaintiffs and the Class

have been injured by Defendants' oppressive, malicious, intentional, and fraudulent actions, entitling Plaintiffs and the Class to punitive and exemplary damages.

XV.

**NINTH CAUSE OF ACTION FOR**

**UNJUST ENRICHMENT**

**(Against All Defendants)**

79.     Plaintiffs reallege and incorporate paragraphs 1 through 78, inclusive, of this Complaint as though fully set forth herein.

80.     Federal and California common law recognize an equitable remedy for unjust enrichment or quantum meruit.

81.     At all relevant times herein, Plaintiffs and Class Members provided services to Defendants without receiving compensation for those services.  Defendants requested, by words and/or by conduct, that Plaintiffs and Class Members perform services for the benefit of Defendants.  Plaintiffs and Class Members performed the services as requested, but Defendants have not paid for those services.

82.     As a result, Defendants have been unjustly enriched, and Plaintiffs and Class Members have not been compensated for the services performed for Defendants. Wages remain due and unpaid, and Plaintiffs and Class Members are entitled to the reasonable value of the services that were provided.  Plaintiffs and Class Members seek the reasonable value of the services provided to Defendants during their rest and meal periods and other time worked "off the clock," which Defendants benefitted from but never paid for.

/ / /

/ / /

26

## XVI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, and each of them, according to proof, as follows:

(a)     For certification of the First Cause of Action as a collective action pursuant to 29 U.S.C. § 216(b) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §§ 216(b) and 256;

(b)     For certification of the Second Cause through Ninth Causes of Action as a class action pursuant to California Code of Civil Procedure § 382;

(c)     For appointment of Plaintiffs as the representatives of the Class and Subclasses;

(d)     For appointment of counsel for Plaintiffs as Class Counsel for the Classes and Subclasses;

(e)     For compensatory damages, including unpaid wages, unpaid minimum wages, improperly withheld wages, and overtime, according to proof;

(f)     For liquidated damages pursuant to 29 U.S.C. § 216(b) and Labor Code § 1194.2(a);

(g)     For premium pay pursuant to Labor Code § 226.7;

(h)   For waiting time penalties pursuant to Labor Code § 203;

(i)   For statutory damages pursuant to Labor Code § 226(e);

(j)   For restitution of all money due to Plaintiffs and Class Members from the unlawful and unfair business practices of Defendants;

(k)   For restitution of all money due to Plaintiffs and Class Members from the unjust enrichment of Defendants;

(l)   For temporary and preliminary orders, and permanent injunctive relief, enjoining Defendants and their agents, servants, and employees from the unlawful and unfair business practices alleged herein;

(m)   For punitive and exemplary damages under Civil Code § 3294;

(n)   For interest as provided by law at the maximum legal rate;

(o)   For reasonable attorneys' fees authorized by statute;

(p)   For costs of suit incurred herein; and

(q)   For such other and further relief as the Court may deem just and proper.

**Dated:** November 20, 2007

MASS & MONTES LLP

By: _____

**Robert Montes, Jr.**
Attorneys for Plaintiffs Kim McBride, Terry Salazar, Tami Helble, and Nancy Mello

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6148 | |

PLAINTIFF(S) / PETITIONER(S):   Kim McBride et.al.

DEFENDANT(S) / RESPONDENT(S):   Jenny Craig Inc et.al.

MCBRIDE VS. JENNY CRAIG INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00082215-CU-OE-CTL |
|---|---|

Judge:  Richard E. L. Strauss                    Department: C-75

COMPLAINT/PETITION FILED: 11/21/2007

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00082215-CU-OE-CTL        CASE TITLE: McBride vs. Jenny Craig Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | | FOR COURT USE ONLY |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | |

STREET ADDRESS:        330 West Broadway

MAILING ADDRESS:        330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827

BRANCH NAME:        Central

PLAINTIFF(S):   Kim McBride et.al.

DEFENDANT(S): Jenny Craig Inc et.al.

SHORT TITLE:    MCBRIDE VS. JENNY CRAIG INC

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2007-00082215-CU-OE-CTL |
|---|---|

Judge: Richard E. L. Strauss                                    Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                            ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                            ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral        ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                            _____

Name of Plaintiff                                        Name of Defendant

_____                            _____

Signature                                                Signature

_____                            _____

Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                            _____

Signature                                                Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 11/21/2007

_____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)         **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**         Page: 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert Montes, Jr.<br>MASS & MONTES, LLP<br>10100 Santa Monica Blvd.,<br>Suite 300<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310)651-9955    FAX NO.:<br>ATTORNEY FOR (Name): Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: P. O. Box 122724
CITY AND ZIP CODE: San Diego, CA 92112-2724
BRANCH NAME: Central Division

CASE NAME:    McBride, et al. vs. Jenny Craig, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2007-00082215-CU-OE-CTL |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 9

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 19, 2007

Robert Montes, Jr.
_____                    _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

34

1   MASS & MONTES LLP
    Robert Montes, Jr. (State Bar No. 159137)
2   10100 Santa Monica Boulevard
    Suite 300
3   Los Angeles, California 90067
    Telephone:   (310) 651-9955
4   Facsimile:   (310) 651-9956

5   Attorneys for Plaintiffs Kim McBride, Terry Salazar,
    Tammy Helble, and Nancy Mello on behalf of themselves
6   and all others similarly situated

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SAN DIEGO

10

11  KIM MCBRIDE, TERRY SALAZAR,              CASE NO. **37-2007-00082215-CU-OE-CTL**
    TAMMY HELBLE, and NANCY MELLO,
12  individually and on behalf of all others   CLASS ACTION
    similarly situated,
13                                            NOTICE OF ERRATA

14                Plaintiffs,

15  v.

16  JENNY CRAIG INC.,
    a Delaware corporation;
17  JENNY CRAIG DIRECT, INC.,
    a Delaware corporation; and
18  DOES 1 through 10, inclusive,

19

20                Defendants.

21

22        TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO THEIR

23  ATTORNEYS OF RECORD:

24        Plaintiffs hereby submit the following List of Errata regarding the exhibits

25  associated with the Class Action Complaint filed on Wednesday, November 21, 2007.

26        1.    Exhibit "A", "Consent to Sue Form" for Kim McBride, was inadvertently

27  omitted.  Attached hereto as Exhibit "E" is a true and correct copy of the Consent to Sue

28

Notice of Errata                              1

1  Form for Kim McBride.

2      2.      Exhibit "B", "Consent to Sue Form" for Terry Salazar, was inadvertently

3  omitted.  Attached hereto as Exhibit "F" is a true and correct copy of the Consent to Sue

4  Form for Terry Salazar.

5      3.      Exhibit "C", "Consent to Sue Form" for Tammy Helble, was inadvertently

6  omitted.  Attached hereto as Exhibit "G" is a true and correct copy of the Consent to Sue

7
8  Form for Tammy Helble.

9      1.      Exhibit "D", "Consent to Sue Form" for Nancy Mello, was inadvertently

10  omitted.  Attached hereto as Exhibit "H" is a true and correct copy of the Consent to Sue

11  Form for Nancy Mello.

12

13  **Dated:** November 29, 2007

14

15                      **MASS & MONTES LLP**

16

17              By:  _____

18                      **Robert Montes, Jr.**
                        Attorneys for Plaintiffs Kim McBride, Terry Salazar,
19                      Tami Helble, and Nancy Mello

20

21

22

23

24

25

26

27

28

**EXHIBIT "E"**

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I worked for Jenny Craig from approximately ___6/2002___
MONTH/YEAR

to ___7/2006___ in ___Carlsbad___, ___California___
MONTH/YEAR              CITY                    STATE

as a ___Program Director___.
JOB TITLE(S)

    I consent to be a party plaintiff in a lawsuit alleging that Jenny Craig and Jenny Direct have violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of Jenny Craig and Jenny Direct.

    I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Mass & Montes LLP and other attorneys with whom they may associate.

DATED: ___9-15___, 2007

Signature: _____

Print Name: ___Kim McBride___

EXHIBIT "F"

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I worked for Jenny Craig from approximately _____*April  2001*_____

MONTH/YEAR

to ___*Oct  2006*___ in ____Carlsbad_____,  _____California_____

MONTH/YEAR           CITY                              STATE

Consultant
as a _____.

JOB TITLE(S)

I consent to be a party plaintiff in a lawsuit alleging that Jenny Craig and Jenny Direct have violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of Jenny Craig and Jenny Direct.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Mass & Montes LLP and other attorneys with whom they may associate.

DATED: _____*9/10/07*_____, 2007

Signature: _____*Terry Salazar*_____

Terry Salazar
Print Name: _____

40

41

**EXHIBIT "G"**

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I worked for Jenny Craig from approximately _Feb. 1997_
                                             MONTH/YEAR

to _November 2006_ in _____ Carlsbad _____, _____ California _____
   MONTH/YEAR          CITY                              STATE

as a _____ Consultant _____.
      JOB TITLE(S)

    I consent to be a party plaintiff in a lawsuit alleging that Jenny Craig and Jenny Direct have violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of Jenny Craig and Jenny Direct.

    I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Mass & Montes LLP and other attorneys with whom they may associate.

DATED: ___September 9___, 2007

Signature: _Tammy Helble_____

              Tammy Helble
Print Name: _____

42

**EXHIBIT "H"**

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I worked for Jenny Craig from approximately *Nov , 2000*
MONTH/YEAR

to *Feb, 2001* in   Carlsbad                    ,                California
MONTH/YEAR          CITY                              STATE

as a   *Consultant*
JOB TITLE(S)

    I consent to be a party plaintiff in a lawsuit alleging that Jenny Craig and Jenny Direct have violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of Jenny Craig and Jenny Direct.

    I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Mass & Montes LLP and other attorneys with whom they may associate.

DATED: *Sept 13* , 2007

Signature: *Nancy Mello*

Print Name: *Nancy Mello*

**EXHIBIT  C**

🄫COPY

BUSINESS OFFICE 2

2007 DEC 18 PM 1:43

SAN DIEGO COUNTY, CA

1  RICHARD FREY (SBN 174120)
   DAN CHAMMAS (SBN 204825)
2  JENNIFER FERCOVICH (SBN 235002)
   McDERMOTT WILL & EMERY LLP
3  2049 Century Park East, Suite 3800
   Los Angeles, CA 90067
4  Telephone:  319.277.4110
   Facsimile:  319.277.4730
5
   Attorneys for Defendant
6  JENNY CRAIG INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN DIEGO           BY FAX

10

11  KIM MCBRIDE, TERRY SALAZAR,        CASE NO. 37-2007-00082215-CU-OE-
    TAMMY HELBLE, and NANCY            CTL
12  MELLO, individually and on behalf of
    all others similarly situated,     DEFENDANT JENNY CRAIG INC.'S
13                                     ANSWER TO COMPLAINT
                   Plaintiffs,
14
          v.
15
    JENNY CRAIG INC., a Delaware
16  corporation; JENNY CRAIG DIRECT,
    INC., a Delaware corporation; and
17  DOES 1 through 10, inclusive,
18                 Defendants.
19

20

21

22

23

24

25

26

27

28

LAS99 1531239-1.044653.0163

DEFENDANT'S ANSWER TO COMPLAINT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Defendant JENNY CRAIG, INC. ("Defendant") hereby answers, for itself and no

2    others,[1] the unverified complaint ("Complaint") of plaintiffs Kim McBride, Terry Salazar,

3    Tammy Helble and Nancy Mello ("Plaintiffs") herein as follows:

**GENERAL DENIAL**

5    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

6    denies generally and specifically, each and every allegation in Plaintiffs' Complaint.

7    Defendant further generally and specifically denies that Plaintiffs have been damaged in

8    the sums alleged, or any other sum or at all, by reason of any act or omission to act on the

9    part of Defendant or any of its agents, servants, employees or representatives. Defendant

10    further denies, generally and specifically, that Plaintiffs are entitled to general,

11    compensatory, punitive or other damages, in any amount, by reason of any act or omission

12    on the part of Defendant, or on the part of their agents, servants, employees or

13    representatives.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

17    1.    The Complaint, and each purported cause of action contained therein, is

18    barred in whole or in part by its failure to state facts sufficient to constitute a cause of

19    action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

22    2.    Plaintiffs' alleged causes of action are barred in whole or in part by the

23    applicable statute of limitations, including, without limitation 29 U.S.C. 255, California

24    Code of Civil Procedure sections 337-343, and Business and Professions Code section

25    17208.

---

[1] Although the Complaint identifies an entity entitled JENNY CRAIG DIRECT, INC., no such entity
exists. As such, JENNY CRAIG, INC. is the only entity responding to the Complaint.
LAS99 1531239-1.044653.0163

DEFENDANTS ANSWER TO COMPLAINT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

3.    Plaintiffs' alleged causes of action are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver/Estoppel)

4.    Plaintiffs, by their conduct, have waived, and are estopped from asserting or enforcing, any claim in the Complaint and each purported cause of action contained therein.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands/*In Pari Delicto*)

5.    Each and every cause of action in the Complaint are barred by Plaintiffs' unclean hands and/or the doctrine of *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

#### (Conduct of Plaintiff)

6.    Plaintiffs are barred from recovery under the Complaint, and each purported cause of action contained therein, because any damages sustained by Plaintiffs were caused by their own conduct.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Offset)

7.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant is entitled to an offset against any purported damages Plaintiffs allegedly suffered.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Exemption)

8.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiffs' work with Defendant is exempt from the wage/hour laws upon which he/she sues.

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

### NINTH AFFIRMATIVE DEFENSE

#### (Not Willful)

9.    Defendant, at all times relevant to the Complaint, acted in good faith and did not willfully fail to make any payments alleged to be due and payable to Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

10.    Plaintiffs have failed to use reasonable care to reduce and minimize as much as reasonably possible the damages, if any, brought about by the acts, events and circumstances alleged in the Complaint; and by such failure to mitigate damages, Plaintiffs were the direct and proximate cause of the damages, if any, substantiated by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Privilege)

11.    The alleged actions, statements, and other actionable events attributed to Defendant or its agents, servants, employees, or representatives were absolutely or qualifiedly privileged.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

12.    Any acts alleged to have been committed by Defendant or any of its agents, servants, employees, or representatives were reasonable and justified under the circumstances, and were based upon fair and honest reasons, regulated by good faith on the part of Defendant, and were not trivial, arbitrary, capricious, unrelated to business needs or goals, or pretextual.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action for Attorneys' Fees)

13.    Plaintiffs have failed to allege a cause of action for which attorneys' fees may be awarded and/or failed to allege facts sufficient to warrant an award of attorneys' fees.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action for Punitive Damages)

3    14.    Plaintiffs have failed to allege a cause of action for which punitive damages

4  may be awarded and/or failed to allege facts sufficient to warrant an award of punitive

5  damages.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

### (Failure to Exhaust)

8    15.    The Complaint, and each of its purported causes of action, is barred in

9  whole or in part by Plaintiffs' failure to exhaust and/or pursue internal and/or

10  administrative remedies, including but not limited to adjudicating the matters raised in the

11  Complaint with the California Division of Labor Standards Enforcement (DLSE).

12

## SIXTEENTH AFFIRMATIVE DEFENSE

13

### (Agreement to Arbitrate)

14    16.    Plaintiffs' civil action is barred by the parties' agreement to arbitrate all

15  claims arising out of Plaintiffs' work with Defendant.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17

### (No Commonality, Typicality, and/or Adequacy)

18    17.    As to all of Plaintiffs' alleged claims in the Complaint, a collective or class

19  action would not be the superior method for resolving the claims of Plaintiffs and other

20  current and former employees, as described in the Complaint, because they do not share a

21  community of interest, and they cannot satisfy the requirements of typicality, and/or

22  adequacy necessary to support a collective class action.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24

### (Lack of Jurisdiction)

25    18.    Plaintiffs' alleged causes of action are barred in whole or in part because the

26  court has no jurisdiction over the subject of the Complaint.

27  / / /

28  / / /

49

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

19.    Plaintiffs lack standing to pursue the Complaint and each purported cause of action contained therein.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Res Judicata)

20.    Plaintiffs' claims are barred by the doctrine of *res judicata* to the extent that any member of the purported class pursued and resolved to final judgment any claim alleged in the Complaint.

Defendant reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant prays for judgment on the Complaint as follows:

1.    That Plaintiffs take nothing by the Complaint;

2.    That judgment be entered against Plaintiffs and in favor of Defendant;

3.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

4.    For such other and additional relief as the Court deems just and proper.

Dated:  December 18, 2007

McDERMOTT WILL & EMERY LLP

By: _____

Dan Chammas
Attorneys for Defendant
JENNY CRAIG INC.

LAS99 1531239-1.044653.0163

- 5 -

DEFENDANT'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2    I, Karen S. Kimura, declare:

3    I am a citizen of the United States and employed in Los Angeles County, California. I am

4    over the age of eighteen years and not a party to the within-entitled action. My business address

5    is 2049 Century Park East, Suite 3800, Los Angeles, California 90067-3218. On December 18,

6    2007, I served a copy of the within document(s):

7    DEFENDANT JENNY CRAIG INC.'S ANSWER TO
     COMPLAINT
8

9    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
          forth below on this date before 5:00 p.m.

10

11   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, in the United States mail at Los Angeles, California addressed as set
          forth below.
12

13   ☐    by placing the document(s) listed above in a sealed _____ envelope and
          affixing a pre-paid air bill, and causing the envelope to be delivered to a
14        _____ agent for delivery.

15   ☐    by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.
16

17   Robert Montes, Jr., Esq.
     MASS & MONTES LLP
18   10100 Santa Monica Blvd. Suite 300
     Los Angeles, CA 90067

19

20   I am readily familiar with the firm's practice of collection and processing correspondence

21   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

22   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23   motion of the party served, service is presumed invalid if postal cancellation date or postage

24   meter date is more than one day after date of deposit for mailing in affidavit.

25   I declare under penalty of perjury under the laws of the State of California that the above

26   is true and correct.
     Executed on December 18, 2007, at Los Angeles, California.

27

28                                                                  Karen S. Kimura

LAS99 1532172-1.044653.0163

DEFENDANT'S ANSWER TO COMPLAINT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

1  **PROOF OF SERVICE**

2  I, Karen S. Kimura, declare:

3  I am a citizen of the United States and employed in Los Angeles County, California. I am

4  over the age of eighteen years and not a party to the within-entitled action. My business address

5  is 2049 Century Park East, Suite 3800, Los Angeles, California 90067-3218. On December 19,

6  2007, I served a copy of the within document(s):

7  NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(B)

8  ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set
9  forth below on this date before 5:00 p.m.

10  ☒ by placing the document(s) listed above in a sealed envelope with postage thereon
    fully prepaid, in the United States mail at Los Angeles, California addressed as set
11  forth below.

12  ☐ by placing the document(s) listed above in a sealed _____ envelope and
    affixing a pre-paid air bill, and causing the envelope to be delivered to a
13  _____ agent for delivery.

14  ☐ by personally delivering the document(s) listed above to the person(s) at the
15  address(es) set forth below.

16  Robert Montes, Jr., Esq.
    MASS & MONTES LLP
17  10100 Santa Monica Blvd. Suite 300
    Los Angeles, CA 90067

18  I am readily familiar with the firm's practice of collection and processing correspondence

19  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

20  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

21  motion of the party served, service is presumed invalid if postal cancellation date or postage

22  meter date is more than one day after date of deposit for mailing in affidavit.

23  I declare that I am employed in the office of a member of the bar of this court at whose

24  direction the service was made.

25  Executed on December 19, 2007, at Los Angeles, California.

26

27

28  _____
    Karen S. Kimura

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 145727   — BH

## December 19, 2007
## 15:05:48

## Civ Fil Non-Pris
USAO #.: 07CV2382 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC# 7324

## Total—>   $350.00

FROM: CIVIL FILING
      MC BRIDE ET AL V. JENNY CRAIG

☐ORIGINAL

'07 CV 2382 BTM RBB

FILED
'07 DEC 17 3:09

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
KIM MCBRIDE, TERRY SALAZAR, TAMMY HELBLE and NANCY MELLO, individually and on behalf of others similarly situated

**DEFENDANTS**
JENNY CRAIG, INC., a Delaware Corporation, JENNY CRAIG DIRECT, INC., a Delaware Corporation, and DOES 1 through 10, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert Montes, Jr. (SBN 159137)
Mass & Montes LLP
10100 Santa Monica Boulevard, Suite 300
Los Angeles, CA 90067
Telephone: 310.651.9955

ATTORNEYS (IF KNOWN)
Richard Frey (SBN 174120)
McDermott Will & Emery LLP
2049 Century Park East, Suite 3800
Los Angeles, CA  90067-3218
Telephone: 310.277.4110

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)    PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   29 U.S.C. Section 204 et. seq. Plaintiffs allege claims against
Jenny Craig, Inc. et al. under the FLSA and supplemental state law claims related to the payment of wages; 28 U.S.C.
Section 1441 (b) Defendants may remove based on federal question jurisdiction.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE Janis L. Sammartino   Docket Number 06CV2533 JLS (AJB)

DATE
December 19, 2007

SIGNATURE OF ATTORNEY OF RECORD

PAID $350 12/19/07 BY RECPT # 145727

::ODMA\PCDOCS\WORDPERFECT22816\1 January 24, 2000 (3:10pm)