1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MCBRIDE, TERRY SALAZAR, TAMMY HELBLE, and NANCY MELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>JENNY CRAIG INC., a Delaware corporation; JENNY CRAIG DIRECT, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:07-CV-02382-JLS-AJB<br><br><u>CLASS ACTION</u><br><br>**PROTECTIVE ORDER**<br><br>**HONORABLE ANTHONY J. BATTAGLIA**<br><br>**Dept. A** |

       Plaintiffs Kim McBride, Terry Salazar, Tammy Helble, and Nancy Mello and defendant Jenny Craig Inc. hereby stipulate and agree, subject to the approval of the Court, to the following terms:

1. This Protective Order ("Order") shall govern the handling of individual putative class member contact information produced by Defendant Jenny Craig Inc. ("Defendant), including documents containing such information, by any party or non-party within the context of this litigation.

2. This Order shall also govern the handling of information related to settlement discussions. The parties are currently engaging in settlement discussions and intend for this order to govern the handling of all information produced by either Defendant or Plaintiffs during settlement discussion, including documents containing such information, by any party or non-party within the context of this litigation.

3. In connection with discovery proceeding in this action, any party to this action (hereinafter "Designating Party") shall have the right to designate any Document containing the contact information of any putative class member or any document related to settlement discussions, as confidential under the terms of this Order. Any documents containing the contact information of any putative class member shall be designated to be confidential by any party by stamping or affixing thereon the word "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party.

4. Any documents containing or related to settlement discussions shall be designated to be confidential by any party by stamping or affixing thereon the word "CONFIDENTIAL SETTLEMENT." Stamping the legend "CONFIDENTIAL SETTLEMENT" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party.

5. A party who inadvertently fails to mark an item as "CONFIDENTIAL" or "CONFIDENTIAL SETTLEMENT" at the time of production shall have thirty (30) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as "Confidential" OR "Confidential Settlement". Upon such notice, the receiving party shall return or destroy the previously unmarked items and all copies thereof.

6. Plaintiffs' attorneys of record, Defendant's attorney of record and all persons bound by the terms of this Protective Order shall use any putative class member contact information only for the purpose of prosecution or defense of this action. Plaintiffs' counsel and Defense Counsel acknowledge that they <u>may not</u> use any document related to settlement discussions for the purpose of prosecution or defense of this action. However, to the extent that said information is deemed discoverable such information may be used for such purposes. Plaintiffs' attorneys of record and Defendant's attorney of record shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

7. All putative class member contact information produced by Defendant pursuant to this Protective Order shall remain in the custody of Plaintiffs' attorneys of record and shall not be disclosed to the individual named plaintiffs in this action. Plaintiffs' attorneys of record will not disclose putative class members' contact information to any other person or party except that, and solely for the purpose of this litigation, any such putative class member contact information may be disclosed by Plaintiffs' attorneys of record to the following person(s):

    a. Experts and/or consultants (together with their clerical staff) retained by Plaintiffs' attorneys of record on behalf of Plaintiffs;

      b.     Plaintiffs' attorneys of record's partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys;

      c.     Outside copy services and their employees;

      d.     Professional claim administrators retained by counsel to perform mailings, claim processing, and/or processing of any settlement in this action;

      e.     The Court and its personnel; and

      f.     Any other person(s) as to whom the parties reasonably believe require the information to aid in the prosecution, defense or settlement of this action pursuant to Paragraph 6.

8.     Any person to whom Plaintiffs' attorneys of record give access to putative class member contact information pursuant to Paragraph 7 shall first be given a copy of this Order and shall agree in writing to be bound by its terms, by signing a copy of the Confidentiality Agreement attached hereto as Exhibit "A". The law firm obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. Any other person to whom Plaintiffs' attorneys of record give access to putative class member contact information shall first be advised by the disclosing party that the information is confidential and is not to be used or disclosed for any purpose outside this litigation.

9.     Any document submitted to the Court in connection with this action which contains putative class member contact information shall be redacted to hide from view the name, address, phone number, and any other contact information (i.e., email address). Upon the filing of a Consent to Join this action by any individual class member, or in any sworn statement submitted to the Court in connection with this action, the class member's name is not required to be redacted. The redacted information will not be revealed to any party or the Court unless so ordered by the Court.

10.    Any person receiving putative class member contact information or information related to settlement discussions under the terms of this Order shall be

4     Case No. 3:07-CV-02382-JLS-AJB

1 subject to the jurisdiction of this Court for purposes of any proceedings relating to
2 the performance under, compliance with or violations of this Order.

3       11.    Any person who receives putative class member contact information or
4 information related to settlement discussions under the terms of this Order shall
5 maintain such material in secure and safe areas and shall exercise due and proper
6 care with respect to storage, custody, use and/or dissemination of such information.

7       12.    If any putative class member contact information or any information
8 related to settlement discussions is produced under the terms of this Order is
9 disclosed to any person other than in a manner authorized by this Order, Plaintiffs'
10 attorneys of record, or Defendants' attorneys of record, upon discovery of the
11 disclosure, shall immediately inform opposing counsel of all facts pertinent to the
12 disclosure that, after due diligence and prompt investigation, are known, and shall
13 immediately make all reasonable efforts to prevent further disclosure by each
14 unauthorized person who received such information.  The attorney of record who
15 first learned of the disclosure, shall then disclose all relevant facts of any
16 unauthorized disclosure to the Court.

17       13.    A violation or breach of this Order shall entitle the aggrieved party and
18 the aggrieved putative class member to seek and recover damages and/or injunctive
19 relief from the court issuing the Order, for any and all harm caused by the violation
20 or breach of this Order.  The award of damages and/or injunctive relief shall be
21 within the discretion of the court upon good cause shown. In any motion, action, or
22 proceeding brought in accordance with this paragraph, the court shall award the
23 prevailing party reasonable attorneys' fees and costs.

24       14.    This Order does not constitute a waiver of any party's rights to object
25 to discovery on any grounds.  This Order does not guarantee the production of
26 information that any party might consider to be protected from disclosure on any
27 grounds.
28       15.    This Protective Order may be amended and exceptions may be made

only by written stipulation of the parties or by the order of the Court. The provisions of this Protective Order are subject to further Court order based upon public policy and other considerations.

16. If any Party agrees to produce documents or information informally in the Action, without reference to one of the methods of discovery authorized by the Federal Rules of Civil Procedure, the terms of this Order shall apply.

17. The terms of this Order shall survive and remain in effect after termination of the action.

IT IS SO STIPULATED.

Dated: September 4, 2008          McDERMOTT WILL & EMERY LLP

By: /s/ RICHARD FREY
Richard Frey
Attorneys for Defendant
JENNY CRAIG INC.
e-mail: rfrey@mwe.com

Dated: September 4, 2008          MASS & MONTES LLP

By: /s/ ROBERT MONTES, JR.
Robert Montes, Jr.
Attorneys for Plaintiffs
KIM MCBRIDE, TERRY SALAZAR, TAMMY HELBLE, AND NANCY MELLO on behalf of themselves and all others similarly situated
E-mail: rmontes@massmontes.com

# **ORDER**

FOR GOOD CAUSE SHOWN,

IT IS SO ORDERED.

DATED: September 8, 2008

*[signature]*

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

The undersigned hereby does solemnly swear that he/she is fully familiar with the terms of the Stipulation for Protective Order (Order), September 3, 2008, entered in the action titled *McBride et al. v. Jenny Craig, et al.*, United States District Court, Southern California District Court Case No. 3:07-CV-02382-JLS-AJB. The undersigned certifies that documents designated as CONFIDENTIAL are being or may be provided pursuant to the terms and restrictions of the Order. The undersigned hereby agrees to comply with and be bound by the terms and conditions of the Order unless and until modified by further order of the Court. The undersigned understands and agrees that all such confidential documents and copies thereof, including, but not limited to, any notes or other transcriptions made therefrom, which have not been previously destroyed, shall be returned no later than 30 days after the termination of this action to the counsel who provided such materials. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of California for the purposes of enforcing this order.

Date: _____

_____
(Print Name)

_____
(Signature)